IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN DAVID LOPEZ,

    Petitioner,                      No. 2:08-cv-01424-MDS

  vs.                                <u>ORDER</u>

RICHARD B. IVES,

    Respondent

_____/

      Petitioner Juan David Lopez, proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. Pending before the court are Lopez's petition for writ of habeas corpus and memorandum of points and authorities, filed on June 23, 2008, and Richard B. Ives's (Respondent) answer to Lopez's petition under 28 U.S.C. § 2241, filed on November 24, 2008. For the reasons discussed below, Lopez's application for a writ of habeas corpus pursuant to § 2241 is DENIED.

1

# FACTS AND PROCEEDINGS

Lopez was arrested on December 19, 2002 by Midland, Texas police for multiple drug and weapon offenses. He was released on bond two days later. On March 7, 2003, Lopez surrendered to Midland County, Texas officials for a probation revocation.

On April 3, 2003, Lopez was temporarily released to the United States Marshals pursuant to a writ of *habeas corpus ad prosequendum* to face federal charges in the Western District of Texas stemming from the December 19 arrest. On July 28, 2003, Lopez was sentenced in the federal case to five years' imprisonment for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). MO-3-CR-009-RAJ.

On July 28, 2003, federal officials released Lopez back to Midland County officials and, on August 4, 2003, in the Midland County State Court, he was sentenced to five years' imprisonment for burglary of a habitation. Tex. Penal Code Ann. § 30.02(c)(2) (2003), Case No. CR26-054. On July 30, 2003, the state sentencing judge put Lopez on a personal recognizance bond to allow for federal attachment, which would permit Lopez's state incarceration time to run concurrently with the federal time. Lopez remained in the state's custody, however, because he also had been indicted for possession of dangerous drugs, Tex. Health & Safety Code § 483.041, a charge in which no bond was ever issued. Rather than being released, he was convicted for this subsequent state drug crime, Case No. 98649, and sentenced to sixty days in the Midland County jail. On August 30, 2003, he completed his county jail time for the state drug crime, and was transferred to the Texas Department of Correction (TDC) to serve his state term of five years for the burglary conviction. He was paroled from state custody on January 5, 2005 to the custody of the United States Marshals Service.

On March 9, 2005, the Federal Bureau of Prisons (BOP) computed Lopez's sentence to commence on the date he was paroled from the Texas state sentence, which effectively caused his federal sentence to run consecutive to his state sentence. Lopez sought to avoid a consecutive sentence by filing an administrative *nunc pro tunc* request with the BOP warden, who denied his request. Lopez then appealed the BOP warden's denial successively to the regional director and national administrator, both of whom also denied his request. Lopez now requests relief from this Court, seeking a *nunc pro tunc* designation of Lopez's Texas state sentence for the purpose of seeking credit towards his federal sentence. At the time this action was filed, Lopez was incarcerated at the federal correctional institution in Herlong, California.

## JURISDICTION AND STANDARD OF REVIEW

### I. Jurisdiction

"Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). "The proper forum to challenge the execution of a sentence is the district where the prisoner is confined." *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). This court is the proper forum for Lopez's petition because he is confined within the Eastern District of California.

### II. Standard of Review

A sentencing designation by the BOP "is plainly and unmistakably within the BOP's discretion." *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002). Therefore, "we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy."[1]

---

[1] The Attorney General is responsible for sentence computation decisions. *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Pursuant to 28 C.F.R. §

*Id.* This court reviews the BOP's final decision to grant or deny a prisoner's *nunc pro tunc* designation request for abuse of discretion. *Id.* In this instance, the final decision is that of the national administrator, dated May 13, 2008.

The BOP has broad discretion in granting or denying an inmate's *nunc pro tunc* request. "Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." *Del Guzzi v. United States*, 980 F.2d 1269, 1272 (9th Cir. 1992) (Norris, J. concurring). However, while the BOP is given broad discretion to grant or deny an inmate's *nunc pro tunc* request, it must give the request "full and fair consideration." *Taylor*, 284 F.3d at 1149 (quoting *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998)).

## DISCUSSION

Lopez alleges that the BOP violated his constitutional rights when it refused to give effect to the state court request that his state and federal sentences run concurrently. He contends that principles of comity require that this request for concurrent sentences be honored. Lopez previously raised this issue with the BOP through the administrative remedy process, and Respondent concedes that Lopez has properly exhausted his alternative remedies.[2]

---

0.96 (1998), that responsibility has been delegated to the BOP.

[2] In the first two administrative responses to Lopez, the warden and the regional director relied on 18 U.S.C. § 3584(a), which states that the federal sentence automatically runs consecutively to the state sentence unless the sentencing federal judge expressly orders the terms to run concurrently. Although it is unnecessary for this court to reach the issue, because we review only the national administrator's final determination, we note that the reasoning behind the

4

In his answer to Lopez's petition for habeas corpus, Respondent justifies the consecutive sentences on two grounds. First, he argues that because a section 924(c) conviction requires "a term of imprisonment not less than five years," 18 U.S.C. § 924(c)(1)(A)(i), and mandates that no sentence "shall run concurrently with any other term of imprisonment," 18 U.S.C. § 924(c)(1)(D)(ii), the state and federal sentences must run consecutively. Second, Respondent notes that the State did not relinquish primary jurisdiction over Lopez until he was paroled on January 5, 2005. Thus, Respondent contends, the BOP calculated his sentence correctly under 18 U.S.C. § 3585(b), because Lopez cannot receive credit against his federal sentence for time that has already been credited towards his Texas sentence.

**I. Mandatory Consecutive Sentences in Light of 18 U.S.C. § 924(c)**

As noted, Respondent argues that because a section 924(c) conviction requires a term of imprisonment not less than five years, and mandates that the

---

two previous administrative denials was erroneous. In Lopez's case, the federal sentence was handed down before the state sentence; thus there was no reason for the federal judge to express his intention concerning whether it should be concurrent or consecutive. Section 3584(a) applies only when multiple terms are imposed "at the same time" or if the defendant "is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). To otherwise proceed would conflict with Ninth Circuit precedent, which forbids district courts from "impos[ing] a federal sentence to run consecutive to a state sentence that has not yet been imposed." *United States v. Clayton*, 927 F.2d 491, 492-93 (9th Cir. 1991); s*ee also United States v. Neely*, 38 F.3d 458, 461 (9th Cir. 1994) ("[A] federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court."). *But see Taylor v. Sawyer*, 284 F.3d at 1147 (holding that BOP did not err relying on § 3584(a) where district court declined to recommend that BOP convert the federal sentence to a concurrent sentence, noting that it "would depreciate the seriousness of both the state and federal offenses"). In this case, however, Lopez made his § 2241 request without being able to benefit from an expressed intention of the federal sentencing court.

5

sentence shall not run concurrently with any other term of imprisonment, the state and federal sentences must run consecutively. Respondent also cites *United States v. Gonzales* for the proposition that the section 924(c) consecutive sentence requirement extends to "those [sentences] imposed by state courts." 520 U.S. 1, 5. (1997).

The majority in *Gonzales* declined to decide whether a later sentencing state court is bound to impose its sentence to run consecutively to the section 924(c) term of imprisonment. However, analyzing the plain meaning of the statute, there is no indication that the order of the sentences is consequential, particularly in light of *Gonzales*' broad interpretation of the term "any." *See also United States v. Hahn*, 359 F.3d 1315, 1332 (10th Cir. 2004) (holding that an inmate's "attempt[] to distinguish *Gonzales* by arguing that it does not apply to situations in which the § 924(c) conviction is imposed first, before the sentences for any other crimes are imposed — a scenario that the Supreme Court in Gonzales does not address — . . . does not comport with the plain language of the statute").

Since Lopez does not provide the court with any evidence demonstrating that the BOP abused its discretion with respect to the national administrator's reading of section 924(c), and the plain meaning of the statute appears to require consecutive sentences regardless of whether the federal sentence came first, the court finds that the BOP did not abuse its discretion in denying Lopez's *nunc pro tunc* request.

## II. Prior Credit Under 18 U.S.C. § 3585(b)

Lopez argues alternatively that he should receive credit for his time spent in custody. "As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991). Having arrested Lopez first, the state had primary

jurisdiction over Lopez. Lopez was released to the United States Marshals pursuant to a federal writ of *habeas corpus ad prosequendum* to face federal charges in the United States District Court for the Western District of Texas. He was then returned to the state and remained in state custody until he was paroled on January 5, 2005. *Id.* at 1367 (holding that the state did not abandon its jurisdiction over defendant by transferring him pursuant to a writ of *habeas corpus ad prosequendum* for federal sentencing).

Because Lopez was in state custody until he was paroled in 2005, Respondent argues that under 18 U.S.C. § 3585(b) Lopez is not entitled to prior custody credit toward a federal sentence, because such a credit would be awarded for time served under a state sentence. *United States v. Von Willie*, 59 F.3d 922, 930-31 (9th Cir. 1995).[3] Credit would only be appropriate if the state and federal sentences had run concurrently. *See Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Although the Texas state court took steps to permit the sentences to run concurrently, concurrent sentencing was not appropriate in this situation because Lopez was convicted under section 924(c) and because the attorney general did not designate the state penitentiary as the place where Lopez was to serve his federal sentence. The BOP is not required to credit the state time, because it is "the sovereign's right to decide such matters as the terms of confinement." *Cozine v. Crabtree*, 15 F. Supp. 2d 997, 1011 (D. Or. 1998).

---

[3] 18 U.S.C. § 3585(b) provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*." (emphasis added).

### III. Dual Sovereignty

Lopez also contends that principles of comity require that the state's request for concurrent sentences be honored. The federal Supremacy Clause does not control sentencing; the states control their own sentencing under the federal system of "dual sovereignty." *Strand v. Schmittroth*, 251 F.2d 590, 605 (9th Cir. 1957). Indeed, principles of comity require "a proper respect for state functions." *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Lopez correctly notes that the court in *United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir. 1997), held that allowing a federal sentence to be served consecutively to a state sentence not yet imposed would "preempt the right of the state to apply its own laws on sentencing for violation of state criminal laws." *Id.* at 1317-18. Here, however, Lopez has not shown how administration of his federal sentence preempts any of Texas's rights to sentence him for violation of state law. Because section 924(c) requires a consecutive sentence, the BOP is justified in refusing to run the sentences concurrently. *See Taylor*, 284 F.3d at 1151 ("If a state court were allowed to force a federal court to run its federal sentence concurrent to a state sentence, the state would clearly be encroaching on the federal court's right to 'exact payment independent of' the state.").

As previously discussed, although Lopez served the state sentence first, the state court imposed its sentence subsequent to the federal court's sentence. Lopez's case is, therefore, similar to the factual pattern of *Cozine*. In that case, the inmate was initially sentenced in federal court, but served his state time first, after the state judge ordered that the sentences run concurrently. 15 Supp. 2d at 1001-02. The inmate requested to be transferred into federal custody, but the United States Marshals refused to accept him. The court found that the federal judge's silence as to whether the sentences would run consecutively or concurrently did

not dictate a consecutive sentence pursuant to section 3584(a), and that the BOP improperly refused California's tender of the inmate. *Id.* at 1006.

However, Lopez's case is easily distinguishable. Lopez neither requested a transfer to federal prison nor was he tendered by state authorities and refused by the BOP. Lopez waited until his concurrent sentence ended, and only then sought credit against his federal sentences by way of a *nunc pro tunc* request. This distinction is consequential. As the court in *Cozine* noted:

> The United States had a legitimate[] interest in requiring Cozine to serve his 37-month sentence in a location selected by federal authorities, as required by § 3585(a) and 18 U.S.C. § 3621(b). In part, that is a function of paying the debt owed to the sovereign, and the sovereign's right to decide such matters as the terms of confinement. In addition, it avoids improper interference in execution of the federal government's sentence. Otherwise, a criminal defendant facing a long federal prison sentence might obtain a state concurrent sentence of equal or greater length in home detention or at an honor camp in the mountains.

15 F. Supp .2d at 1011.

The BOP, pursuant to BOPPS § 5160.05(3)(a), may designate a state institution for "concurrent service of a Federal sentence when it is consistent with the intent of the federal sentencing court." However, Lopez made no requests to be placed in federal custody while serving his state sentence for burglary. During this time, state authorities retained primary jurisdiction over him until they relinquished jurisdiction and custody on January 5. *See Del Guzzi*, 980 F.2d at 1270-1271. Thus, the BOP was under no obligation to credit the state time to the federal time, because the federal government had the right to exact punishment against Lopez in a matter as it saw fit. *Id*.

Consequently, Lopez is not entitled to federal relief. Lopez remained in the custody of the state until his parole. The Texas court's failure to release him on a personal recognizance bond may have occurred due to the confusion created by his multiple state sentences, because Lopez only received the bond for his burglary

9

conviction and not for his 60-day possession conviction. Whatever the reason, it was the state that failed to release him. Accordingly, Lopez's reliance on *Smith v. Swope* is misplaced, because the federal officials were not in error. 91 F.2d 260, 262 (9th Cir. 1937) (holding that when federal prison officials do not transfer a prisoner as contemplated by the federal sentencing judge, "that failure cannot be charged up against the prisoner").

## CONCLUSION

Lopez's application for a writ of habeas corpus is DENIED. The Clerk is directed to enter judgment and close the case.

DATED: August 14, 2009

/s/ Milan D. Smith, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation